Thomas A. Aurelio, J.
Heretofore following the submission for consideration by the court of an offer of settlement by general counsel for plaintiffs in this derivative stockholders’ action the court designated a Referee to inquire into its fairness, propriety and adequacy.
Since the submission of that offer events have transpired which make it clear that there is no likelihood, even if the proposed settlement were approved by the court, that it could ever be consummated, in that it appears that the corporation offering the settlement is in receivership and unable to fulfill its obligations. A new management, stated to be independent of prior officers and directors, is now in control of Doeskin Products, Inc., and are desirous of instituting their own action seeking rescission by it of the acquisition of certain stock of another corporation in exchange for its own stock. The Referee after several hearings has submitted his report and recommends that Doeskin be permitted to withdraw from the proposed settlement. The matter which is now before the court on motion of Doeskin Products, Inc., seeks: (1) approval and confirmation of the *256 report of the Referee heretofore filed herein, directing that the stipulation of settlement of the above action dated April 5,1957 be cancelled and rescinded and that the defendant Doeskin Products, Inc., be relieved from the terms thereof; (2) fixing the compensation of the Referee for his services and disbursements herein; and (3) a stay of the prosecution by the plaintiffs, or any other stockholders of Doeskin Products, Inc., of any claims or causes of action based upon the facts set forth in the first and second causes of action alleged in the consolidated amended complaint herein, and authorizing Doeskin Products, Inc., to prosecute such claims or causes of action in its own name and on its own behalf.
One of the plaintiffs, while not objecting to items 1 and 2, asks for a denial of that branch of the motion which seeks to stay the causes of action. It is contended that the election of the present board of directors of Doeskin is invalid in that it was brought about by means of the illegal acquisition of certain stock and the pendency of an action in this court seeking relief from such illegal acquisition as well as another proceeding which seeks the invalidation of the election of the present board of directors; that a motion seeking a dismissal of the latter proceeding has been denied and defendants directed to answer the petition. They further cite in support of their contentions a letter from a regional administrator of the Securities and Exchange Commission, indicating that the issuance of shares in question may be illegal.
While under normal circumstances the court would not prevent a corporation from prosecuting its action in its own behalf, only because of an intracorporate struggle for control, it is urged that the special circumstances existing here by virtue of the pendency of proceedings challenging the election of the new board, as well as the stock issuance, require a denial of the stay requested.
The defendant here does not seek a dismissal of the derivative actions but only a stay of the proceedings. A denial of such relief would be permitting parallel actions for the same relief by stockholders and the corporation itself, and would in effect be rendering judgment on the issue of the validity of those pending proceedings when those issues are not before this court and which it cannot prejudge.
In the circumstances the motion is granted in all respects but with jurisdiction reserved to this court to pass upon the fairness, adequacy and propriety of any settlement of this action and without prejudice to the right of any plaintiff or any shareholder *257 of Doeskin to apply to this court for relief in the event that the challenge to the validity of the election of the new board is sustained.
Settle order, at which time fees and disbursements will be fixed.